# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0348, <u>Kathleen Kristiansen v. Glenn Erlandson</u>, the court on November 14, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Glenn Erlandson, appeals the order of the Circuit Court (<u>Coughlin</u>, J.) granting a request by the plaintiff, Kathleen Kristiansen, to extend a final protective order for one year. <u>See</u> RSA 173-B:5, VI (2014). The defendant argues that the trial court failed to properly assess whether there was "good cause" to extend the protective order. <u>See</u> <u>MacPherson v. Weiner</u>, 158 N.H. 6, 10 (2008) (defining "good cause" in the context of stalking order extension). He asserts that the trial court erred by refusing to review the circumstances giving rise to the original protective order and the subsequent history leading up to the extension hearing, contrary to our holding in <u>MacPherson</u>.

"For a showing of 'good cause' the trial court must . . . assess whether the current conditions are such that there is still a concern for the safety and well-being of the plaintiff." <u>MacPherson v. Weiner</u>, 158 N.H. 6, 10 (2008). In its assessment, the trial court must review the circumstances giving rise to the original protective order and any violation of the order. <u>See</u> <u>id</u>. "The trial court should also take into account any present and reasonable fear by the plaintiff." <u>Id</u>. "Where the trial court determines that the circumstances are such that, without a protective order, the plaintiff's safety and well-being would be in jeopardy, 'good cause' warrants an extension." <u>Id</u>.

In this case, the plaintiff testified that the defendant sexually assaulted her in 1977, when she was 13 years old and he was 31 years old, and that he has remained obsessed with her since that time. She testified that the unwanted contact "has been an ongoing situation" since 2003, when she filed the first petition for a protective order, and that, in 2016, the defendant stated that he was "overwhelmingly excited at the prospect of living with" her.

The defendant submitted a letter to the court which, he asserted, explained the parties' relationship over "the last 30 years." The court reviewed the defendant's letter during the hearing and admitted it as an exhibit for background purposes. In his letter, the defendant discusses the events in

1977, the parties' contact in 2003, and subsequent events. Based upon this record, we conclude that the court sufficiently reviewed the circumstances of the original stalking and the subsequent history leading up to the extension hearing before extending the protective order. See MacPherson, 158 N.H. at 10.

The defendant further argues that the court "repeatedly refused to allow either party to talk about the circumstances surrounding the original stalking or subsequent events." We review the trial court's decisions on the admissibility of evidence under an unsustainable exercise of discretion standard. State v. Ainsworth, 151 N.H. 691, 694 (2005). The record shows that the court asked the plaintiff to focus her testimony on recent events that would support her request for an extension of the protective order. Contrary to the defendant's assertion, the court did not refuse to allow the plaintiff to testify about the circumstances of the original stalking. Rather, the defendant, through his cross-examination of the plaintiff and in his own testimony, sought to describe for the court "what happened in 1977." He began his cross-examination of the plaintiff by asking, "where did we meet in 1977?" The trial court sustained the plaintiff's objection, ruling that the question was not relevant to the issue of whether to extend the protective order. The defendant explained that he "was going to go back to 1977 to show how similar the way she stalked me then is to the way she stalked me in 2003." The trial court asked the defendant to focus on recent events and on whether or not he "still pose[d] a danger" to the plaintiff. The defendant replied that he has never posed a danger to the plaintiff. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in directing the parties to focus their testimony on recent events. See MacPherson, 158 N.H. at 10; Ainsworth, 151 N.H. at 694.

In ruling on the defendant's motion for reconsideration, the trial court noted that the defendant "during his testimony attempted to relitigate prior findings and rulings of the Court." The court found that the defendant's demeanor while testifying was "strange and obsessive" toward the plaintiff, and that he "clearly demonstrates a continuing obsession with" the plaintiff. The court found that the defendant "presents a real, credible and serious threat to the Plaintiff's personal safety." Based upon this record, we conclude that the trial court could have reasonably found good cause to extend the protective order. See MacPherson, 158 N.H. at 10-11.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

Eileen Fox,
Clerk

2